In re Petition of Philip John SINGER and Christopher John Hughes, as Joint Provisional Liquidators of United Standard Insurance Company Limited, Petitioners–Appellants.

No. 96 Civ. 5802 (HB).

United States District Court, S.D. New York.

Feb. 7, 1997.

Kenneth P. Coleman and Lisa C. Dorr, Chadbourne & Parke L.L.P., New York City, for Petitioners–Appellants.

## OPINION AND ORDER

BAER, District Judge:

Petitioners Philip John Singer and Christopher John Hughes appeal from a portion of an Order issued by the Honorable Jeffry H. Gallet, Bankruptcy Judge, on June 27, 1996. For the reasons that follow, the decision of the bankruptcy court is vacated in part and the case is remanded for further proceedings consistent with this opinion.

### I. Background

Petitioners are joint provisional liquidators of United Standard Insurance Company Limited appointed by the High Court of Justice of England and Wales pursuant to the English Insolvency Act 1986. Section 130(2) of that Act creates an automatic stay of all actions against the debtor or its property upon appointment of a provisional liquidator. Petitioners filed a petition in the bankruptcy court under 11 U.S.C. § 304 as a proceeding ancillary to the English winding up proceedings.

In the bankruptcy court, petitioners sought a preliminary injunction in order to effect an automatic stay of all actions against United Standard or its property in the United States. The sought for injunction would have applied both to identified creditors who received notice of the proceedings and unidentified creditors who had not been served and did not have an opportunity to be heard in the bankruptcy court. The proposed order, however, provided procedures through which subsequently identified creditors would be notified and could obtain relief from the automatic stay in the bankruptcy court.

By Order dated June 27, 1996, Judge Gallet granted the petition in part and denied it in part. He issued an injunction against all persons and entities who had been identified and notified of the proceedings. However, Judge Gallet denied the petition with respect to those creditors who were not yet identified and had not received notice. Petitioners appeal from the latter portion of the June 27 Order.

### II. Discussion

■ This appeal raises two issues. The first issue is the authority of the bankruptcy court to enter a preliminary injunction against unidentified entities in order to give effect to the Insolvency Act. The second issue is whether Judge Gallet erred in refusing to extend comity to the Insolvency Act proceedings by entering the requested injunction. Because the extension of comity is discretionary, the decision is reviewed under the abuse of discretion standard. *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 (2d Cir.), *cert. denied*, 510 U.S. 945, 114 S.Ct. 386, 126 L.Ed.2d 334 (1993). In the context of a motion for a preliminary injunction, a court abuses its discretion when it applies an incorrect legal standard or bases a preliminary injunction on a clearly erroneous finding of fact. *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1281 (2d Cir.1995) (*citing Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir.1994)).

### A. The Authority of the Bankruptcy Court

Section 304(a) of the Bankruptcy Code authorizes a "foreign representative" appointed in a "foreign proceeding" to commence "[a] case ancillary to [that] proceeding" by filing a petition in the United States Bankruptcy Court. 11 U.S.C. § 304(a). Section 304(b) authorizes a bankruptcy court to grant injunctive or other appropriate relief and section 304(c) provides several factors, including comity, which bankruptcy courts are to consider in determining whether to grant relief. 11 U.S.C. § 304(b)–(c).

■ Comity is defined as " 'the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience,

and to the rights of its own citizens or of other persons who are under the protection of its laws.'" *Allstate Life Ins.,* 994 F.2d at 998–99 (*quoting Hilton v. Guyot,* 159 U.S. 113, 164, 16 S.Ct. 139, 143–44, 40 L.Ed. 95 (1895)). Comity may be extended where " 'it is shown that the foreign court is a court of competent jurisdiction, and that the laws and public policy of the forum state and the rights of its residents will not be violated.'" *Id.* at 999 (*quoting Cunard S.S. Co. v. Salen Reefer Serv. AB,* 773 F.2d 452, 457 (2d Cir. 1985)). However, the foreign proceedings need not be identical to United States bankruptcy proceedings to receive comity. *Id.*

■ The Second Circuit has found that comity is particularly important in the context of foreign bankruptcy proceedings. *Id.* (*citing Victrix S.S. Co. S.A. v. Salen Dry Cargo A.B.,* 825 F.2d 709, 713 (2d Cir.1987)). Further, exceptions to comity are narrowly construed where the foreign proceeding is in a sister common law jurisdiction. *In re Brierley,* 145 B.R. 151, 163 (Bankr.S.D.N.Y. 1992).

■ Under § 130(2) of the Insolvency Act, all actions against the debtor or its property are stayed when the English Court appoints a provisional liquidator. Like the American stay under 11 U.S.C. § 362, the English stay operates without notice. Compare Tr. at 50 (testimony of Vivien Tyrell, an English solicitor) with *Constitution Bank v. Tubbs,* 68 F.3d 685, 691 (3d Cir.1995) ("The stay is "automatic" because it is triggered upon filing of a bankruptcy petition regardless of whether the other parties to the stayed proceeding are aware that a petition has been filed."). The Second Circuit has held that the American automatic stay does not violate due process. *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 55 (2d Cir.1976) (construing the former Bankruptcy Act), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Due process is satisfied because creditors have an opportunity to obtain relief from the automatic stay in the bankruptcy court. *Id.*

■ I conclude that Judge Gallet had the authority to enter a preliminary injunction against the unidentified creditors without depriving them of due process. Injunctive relief is authorized in 11 U.S.C. § 304 and comity is appropriate in this context. Further, the proposed injunction order specifically provided procedures to notify subsequently identified creditors as well as procedures for those creditors to obtain relief from the injunction in the bankruptcy court. *Cf. In re Brierley,* 145 B.R. 151, 164–66 (Bankr. S.D.N.Y.1992) (reviewing provisions of the English Insolvency Act and concluding it is not repugnant to American law).

### B. The June 27, 1996 Order

Judge Gallet held that the petitioners were entitled to a preliminary injunction against those creditors which were identified and received notice. *See* June 27, 1996 Tr. at 11–12, 56; Order dated June 27, 1996. He recognized that the English bankruptcy system is "reasonably alike" the American system. Tr. at 14. In granting the limited injunction he implicitly found that the factors outlined in 11 U.S.C. § 304(c) were satisfied, and expressly held that it was an appropriate exercise of his discretion to enter the limited order. Tr. at 56. However, he found that he could not grant an injunction against parties who had not been served. To do so, he concluded, would violate the due process rights of these unidentified creditors, and therefore would be repugnant to the law of the United States. Tr. at 61.

■ As discussed above, I conclude that the due process rights of the unidentified creditors are adequately protected under the proposed order. Therefore, Judge Gallet's reliance upon the Due Process Clause as a bar to the extension of comity in this case constitutes the application of an erroneous legal standard. Because Judge Gallet applied an incorrect legal standard in denying the requested preliminary injunction, I find that his order was an abuse of discretion and must be vacated in part. *See USA Recycling, Inc.,* 66 F.3d at 1281.

### III. Conclusion

For the reasons discussed above, I conclude that Judge Gallet abused his discretion in denying the requested preliminary injunction against the unidentified creditors. Ac-

**358**

cordingly, the decision of the bankruptcy court is vacated in part and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**